UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAGE-EL f/k/a HALL, WINSTON GREGORY,

          Plaintiff,

- versus -

J. TULLY; R. KALISH; C. WALKER;
M. GERSTEIN; J. QUINONES; C. FARBER;
SGT. CORREIA, ANTHON; P.O. NIEVES
# 23976; P.O. ANDERSON # 4969; P.O. OKUZU
# 953197; P.O. USESSEF # 3912; P.O. JIMENEZ
# 13248; ATTN. SEYMOUR W. JAMES JR.;
ATTN. TINA M. LUONGO; ATTN. DAWN C.
RYAN,
          Defendants.

MEMORANDUM
AND ORDER
15-CV-5606 (JG)

---

JOHN GLEESON, United States District Judge:

On September 24, 2015, plaintiff Sage-El, formerly known as Winston Hall, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against Judge Tully, Judge Kalish, Judge Walker, Judge Gerstein, Judge Quinones, Judge Farber, Sergeant Correia, Police Officers Usessef and Jimenez, and attorneys James, Luongo, and Ryan are dismissed. Plaintiff's claims shall proceed against Police Officers Nieves, Anderson, and Okuzu.

BACKGROUND

Plaintiff's complaint is confusing to follow, but it appears that he seeks to bring false arrest claims against Police Officers Nieves, Anderson, and Okuzu in connection with two arrests that occurred in Brooklyn. Although plaintiff names a multitude of defendants in the caption, and adds more names in the parties section of the form complaint, he only alleges facts

against Police Officers Nieves, Anderson, and Okuzu. Plaintiff seeks injunctive relief and $100,000,000 in damages. *Id.* at 11.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or

benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

    A.    *Judicial Defendants*

To the extent plaintiff seeks to bring claims against the judges involved in his state court proceedings his claims must be dismissed, as judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Dupree v. Bivona*, No. 07-4599-cv, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quotation omitted); *Horton v. City of New York*, No. 14-CV-4279, 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); *Edo v. Queens County Criminal Court*, No. 13-CV-7089, 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013); *Gamez v. U.S. Dist. Court Eastern and Southern Dist. of - Tyranny*, No. 11-CV-4068, 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011). *See also Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (citation omitted). Moreover, the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) bars all claims for injunctive relief against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable." *See also Rodriguez v. Trager*, No. 10 CV 0781, 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010). Thus, I dismiss all claims against Judge Tully, Judge Kalish, Judge Walker, Judge Gerstein, Judge Quinones, and Judge Farber, all of whom plaintiff appeared before in his state court proceedings.

3

B.  *Personal Involvement*

I must also dismiss plaintiff's claims against Sergeant Correia, Police Officers Usessef and Jimenez, and attorneys James, Luongo, and Ryan because although they are named in the caption of the complaint, plaintiff does not allege any facts against these individuals. In a civil rights action, plaintiff must demonstrate each defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991); *Holmes v. Kelly*, No. 13 CV 3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014); *Kneitel v. Hynes*, No. 11 CV 2883, 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011). A plaintiff must also "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, plaintiff fails to allegethat Sergeant Correia, Police Officers Usessef and Jimenez, and attorneys James, Luongo, and Ryan had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights to make them liable under § 1983.[1]

CONCLUSION

Accordingly, plaintiff's claims against Judge Tully, Judge Kalish, Judge Walker, Judge Gerstein, Judge Quinones, Judge Farber, Sergeant Correia, Police Officers Usessef and

---

[1] I take judicial notice that attorneys James, Luongo, and Ryan are employed by the Legal Aid Society. *See* The Legal Aid Society, https://www.legal-aid.org (last visited 9/30/15). Thus, even if plaintiff had alleged facts against them, his claims would be dismissed as "[p]rivate parties are not proper defendants in a Section 1983 action unless the private parties were acting under color of state law." *Lee v. Law Office of Kim & Bae, P.C.*, 530 F. App'x 9, 9 (2d Cir. 2013) (citations omitted). It is well settled that defense attorneys, even if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . ."); *Shorter v. Rice*, No 12–CV–0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

Jimenez, and attorneys James, Luongo, and Ryan are dismissed.  No summonses shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against Police Officers Nieves, Anderson, and Okuzu.  The United States Marshal Service is directed to serve the summons, complaint, and this Order upon Police Officers Nieves, Anderson, and Okuzu without prepayment of fees.  A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York.

The Clerk of Court shall send a copy of this Order to plaintiff.  The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 26, 2015