UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


SAGE-EL,                          *     Case Nos. 15-CV-04895(ENV)
 *formerly known as Winston*      *               16-CV-00584(ENV)
 *Hall*,                          *               15-CV-05606(ENV)
            Plaintiff,            *
                                  *
                                  *     Brooklyn, New York
                                  *     August 19, 2016
     v.                           *
                                  *
P.O. FINO, et al.,                *
                                  *
            Defendants,           *
                                  *
and related cases.                *
                                  *
   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *


        TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE STEVEN L. TISCIONE
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff, Pro Se:    SAGE-EL
                              c/o 388 East 49th Street
                              Brooklyn, NY  11203


For the Defendants:           DAVID FERRARI, ESQ.
                              ZACHARY W. CARTER, ESQ.
                              The New York City Law
                               Department
                              100 Church Street
                              New York, NY  10007



Proceedings recorded by electronic sound recording, transcript
produced by transcription service.



**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1          (Proceedings commenced at 11:35 a.m.)

2          THE CLERK:  Civil cause for status conference, 15-

3     CV-4895, Sage-El v. Fino et al., with 15-CV-5606, Sage-El v.

4     Tully et al., with 15-CV-7417, Sage-El v. Power et al.

5          Parties, please state your appearances.

6          MR. FERRARI:  For the defense, Your Honor, in both

7     cases, David Ferrari, from the Office of the Corporation

8     Counsel.  Good morning.

9          THE COURT:  Good morning.

10          MR. SAGE-EL:  On the record, for the record, my

11     title of nobility, Sage-El, f/k/a, Winston Hall.  F/k/a means

12     Formerly Known as.  And I'm an Empire Washitaw Muur Delegate

13     and here as holding in due course to that name, Winston Hall.

14          And I'm also here in Propria Persona, making a

15     special appearance.

16          THE COURT:  Good morning.

17          THE CLERK:  The Honorable Steven Tiscione presiding.

18          THE COURT:  All right.  So a couple of different

19     things in the three cases.  The most recent case, the *Power*

20     case, the case has been dismissed against most of the

21     defendants.  There are several individual defendants who the

22     marshals have been unable to serve because they were not

23     located at the same precinct.

24          I'm hoping that the corporation counsel can provide

25     information to the Court about the current location of those

3

1   officers so that the marshals can properly serve them.

2         MR. FERRARI:  Yes, Your Honor.  I believe I've

3   identified those officers.  I wanted to communicate with them

4   directly to just confirm that they're the proper people, as

5   there are officers that have the same last name.  But I'll

6   follow up in writing to the court, if that's acceptable.

7         THE COURT:  That's fine.  Yes.  I'll just direct you

8   to, you know, provide the information by September 19th.

9         MR. FERRARI:  Certainly, Your Honor.

10         THE COURT:  Once the Court has that information, I

11   can then instruct the marshals to attempt to reserve those

12   defendants, and that's with respect to the 15-CV-7417 case.

13   And specifically, I believe the officers are Officer Power and

14   Sergeant Ospina.

15         And then once those officers are served we can move

16   forward on that case.  But as of now, nobody has actually been

17   served.

18         MR. SAGE-EL:  Now no one has been served?

19         THE COURT:  Not in that case.  The marshals

20   attempted service but were unable to serve the defendants

21   because they are no longer at the same precinct.  So I've

22   directed corporation counsel to give the Court information

23   about where the officers --

24         MR. SAGE-EL:  I object.  I object for your request

25   because you haven't produced your delegation of authority.

4

1    I've mailed in registered mail, I have a copy right here,

2    registered mail.  I have a return receipt stating that I'm

3    requesting for basically avertment (sic) of jurisdiction

4    (indiscernible) for the record, to be read into record.

5    Notice to agent is notice to principal.  Notice to principal

6    is notice to agent.

7            And I'm requesting for your delegation of authority.

8    Where do you get your delegation of authority to denationalize

9    a -- denationalize a secure party to this courtroom?  Where do

10   you get your delegation of authority?  Where is it?

11           THE COURT:  I'm not quite sure what you're talking

12   about.

13           MR. SAGE-EL:  For you to have -- for this case to

14   move forward you have to present to me your delegation of

15   authority.  I have requested your delegation of authority and

16   if you cannot bring back to court, to put on the record, I'm

17   asking to please recuse yourself.

18           THE COURT:  My delegation of authority is pursuant

19   to the local rules of civil procedure in the Eastern District

20   of New York.

21           MR. SAGE-EL:  I'm demanding a copy of that in my

22   hand, and I need it -- demand it from the -- it's from the

23   Congress, not from the procedure.  I want the delegation of

24   authority from Congress to prove that you have jurisdiction to

25   be in this court to see over this matter.  If not, please

5

1    recuse yourself.

2            There's a citizen -- this matter is a federal

3    question, and being so it's a diversity of citizenship and I'm

4    requesting for your delegation of authority to make this --

5    for this case to move forward.  If you cannot present that to

6    me one more time, I'm letting you please, please recuse

7    yourself from this case.

8            THE COURT:  And I'm --

9            MR. SAGE-EL:  I'm asking for, and demanding for an

10   Article 3 judge that can oversee the Peace -- Treaty of Peace

11   and Friendship, George Washington, that's signed with the

12   Prince of Morocco right here.  I have the treaty.  Anyone that

13   can -- I need a judge that can see and take in record a

14   treaty, not a magistrate.  This is the Treaty of Peace and

15   Friendship, a certified copy from the National Archives.  So,

16   I'm demanding your delegation of authority, sir.

17           THE COURT:  Okay.  Well, there is a district judge,

18   an Article 3 judge, assigned to this case.  His name is Judge

19   Vitaliano.  Pursuant to the civil rules in the Federal

20   Magistrate Act, which I could give you the cite for in a

21   second.

22           MR. SAGE-EL:  So you're telling me that the civil

23   rule and the Magistrate Act supercedes the Treaty of Peace and

24   Friendship?  That's what you're saying to me, sir.

25           THE COURT:  No.

6

1          MR. SAGE-EL:  So what I'm asking you again, I'm

2     going to repeat again, if you cannot present your delegation

3     of authority to oversee the Treaty of Peace and Friendship,

4     please recuse yourself.

5          THE COURT:  Okay.  And I am informing you once

6     again, that pursuant to the civil rules and the Federal

7     Magistrate Act, the district court in this case has delegated

8     to me the authority to oversee discovery in this case.

9          Ultimately, the case is still under the management of the

10    district court, and so when it comes to an actual

11    determination on the merits as to the case, the district court

12    judge is still ultimately the one who is going to be making

13    any rulings on the case itself.

14          So my purpose here is simply to oversee the

15    discovery in the case to make sure that it moves forward, and

16    to handle any settlement conferences or other pretrial matters

17    that occur.  But it still -- the case is still under the

18    authority, ultimately, of the district court judge.

19          MR. SAGE-EL:  On the record, for the record, let the

20    record reflect again, and as I say, I have the Constitution

21    here of July 4th, 1776, the declaration by President John

22    Hancock, and basically if you are a magistrate, you doesn't

23    have any jurisdiction to oversee constitutional or treaty

24    matter.

25          So you're stating that the courts delegate to you

7

1  that authority.  The court cannot delegate an authority that

2  they don't have.

3  　　　　So what you're stating to me that you're superceding

4  the treaty, a certified copy of the Peace and Friendship

5  Treaty, I will hold you liable, you will be held liable to

6  violate this treaty.

7  　　　　So are you a Article 3 judge to oversee a treaty

8  matter or constitutional matter?  Are you?

9  　　　　THE COURT:  Once again, I am not overseeing the

10  matter, the district court is overseeing the matter.  I am

11  simply -- I have been assigned by the district court to

12  preside over discovery in this case only.

13  　　　　MR. SAGE-EL:  I'm asking you to recuse yourself

14  because you have no jurisdiction to oversee this matter.

15  　　　　THE COURT:  Okay.  Well, that request is denied.  If

16  you want to ask the district court to handle this matter

17  himself, and not assign a magistrate judge, you're free to do

18  that but --

19  　　　　MR. SAGE-EL:  I've requested -- I've already sent

20  him an affidavit requesting an avertment (sic) of jurisdiction

21  (indiscernible) for records to be presented to me today.

22  　　　　If it hasn't been presented to me today, this case

23  has been res judicata, already been decided.  I am going to

24  read this on the record.  On the record the --

25  　　　　THE COURT:  Nothing you're saying makes any sense.

1          MR. SAGE-EL:  Oh, nothing --nothing I'm saying.

2          THE COURT:  No.

3          MR. SAGE-EL:  Asking you for your declaration of --

4     declaration of authority --

5          THE COURT:  And I've repeatedly told you that my

6     authority to preside over this case is from the Federal

7     Magistrates Act and the local rules --

8          MR. SAGE-EL:  A act can supercede -- a act can

9     superceded a constitution?

10          THE COURT:  It's not superceding the constitution,

11     and it's not superceding the treaty.

12          MR. SAGE-EL:  Right.

13          THE COURT:  It's simply a delegation of authority to

14     handle pretrial matters.  Not dispositive matters.  That's it.

15          MR. SAGE-EL:  This right here is -- this case is res

16     judicata, meaning that it's already been decided.  You're in

17     default because I've mailed this on the date of -- it was

18     received on the date, July 29th, at 9:46 a.m.

19          It was received in the court and I'm here requesting

20     the same documentation that I -- the same affidavit requesting

21     for your declaration of authority and it hasn't been presented

22     to me in this court today.

23          So this case has been res judicata, meaning this

24     case has been dismissed; has already been decided.

25          You haven't presented that -- what I have been

9

1      requesting through the mail, and I will definitely put this

2      over to the postmaster general to investigate this issue here.

3      So.

4                  THE COURT:  You are free to do that.

5                  MR. SAGE-EL:  Okay.

6                  THE COURT:  So, the motion that you filed was --

7                  MR. SAGE-EL:  I did not file a motion.  I object.

8                  THE COURT:  Okay.

9                  MR. SAGE-EL:  Affidavit.

10                 THE COURT:  The affidavit that you filed.

11                 MR. SAGE-EL:  And affidavit have to rebutted -- to

12     be rebutted by an affidavit of my jurisdiction.  And

13     jurisdiction cannot be assumed.

14                 THE COURT:  Just so I understand, the affidavit that

15     you filed was to, I guess request --

16         (Pause.)

17                 THE COURT:  So that affidavit was not -- the last

18     time we were here we were discussing you wanted the

19     representation agreements, or other information from

20     defendants showing, I guess, the fact that they were engaged

21     by corporation counsel, or they have corporation counsel

22     representing them.  And you were supposed to file something

23     with authority by July.

24                 I gave you the opportunity to file a motion with

25     some legal authority for why that information or those

1    agreements should be turned over.  Are you no longer seeking

2    that information?

3         MR. SAGE-EL:  I object to your statement that I

4    wrote a motion.  I did not present a motion.  I present an

5    affidavit and I'm going to read the affidavit on record.

6         It says, "Muur National Republic, Federal

7    Government, Muur Divine and National Movement of the World,

8    Northwest (indiscernible), Northwest African, North America,

9    North Gates Society Republica, El Morocco, U.S. District

10   Court, Eastern District of New York, Civil Docket No. 15-CV-

11   04895-ENV-S, and 16-CV-00584-ENV-S."

12        "I, Sage-El, non corporate entity, (real party in

13   interest, tertius interveniens) an Indigenous Washitaw Muur

14   National, notice and demand for demand -- demandatory (sic) --

15   for mandatory Judicial Notice Rule 201(b), Federal Rule of

16   Evidence, administrative notice and demand, and judicial

17   notice for federal question, diversity of citizenship, and

18   demand common law venue by affidavit.

19        "Fino, Doing Business as, Fino NYPD," in full cap,

20   and et cetera, and all the other defendants that's on this

21   matter, "The undersigned in Propria Persona, non-attorney, the

22   victim, plaintiff, Indigenous American National of the

23   Washitaw Nation Muur, divine peace and love, honoring the

24   great universal, the absolute God, Elohim, notice to agent is

25   notice to principal.  Notice to principal is notice to agent.

1       Administrative notice and demand and judicial notice for

2   federal question, diversity of citizenship and demand, common

3   law, venue by affidavit, come now the victim, Sage-El, an

4   indigenous Empire Washitaw Muur National, (indiscernible)

5   Propria Persona, non attorney, a non corporate, natural born,

6   living, breathing being, a flesh and blood man, born alive on

7   soil, a man created by God, universal, absolute, God Elohim,

8   comes with clean hands, rectus in curia, appearing restricted

9   specially and not generally or voluntarily at common law,

10  reserving, enforcing, and evoking all state and federal

11  constitutionally protected rights, safeguarding privilege,

12  immunities, and enforcing all constitutional limitation on all

13  government agencies and agents when dealing with them, not a

14  quasing [sic] to any quasi or colorable jurisdiction

15  consenting and conferring only to the judicial power of the

16  United States of America and the New York Republic.

17      The District Court shall have original jurisdiction

18  of all civil action arising under the constitutional law, or

19  treaties of the United States.

20      One, the Treaty of Peace and Friendship established

21  between us and the United States of America, which is

22  confirmed and which we have ordered to be written in this

23  book, sealed with our royal seal at our Court of Morocco, on

24  the 25th day of the blessed month of Shaban, in the year 1200,

25  trusting in God it will remain permanent.

1          Camp Holmes treaty of 1835, the Comanche and the

2      Washitaw Muur [Indians]," the Muur in brackets, Indians, "and

3      their associated bands there shall be perpetual peace and

4      friendship between all citizens of the United States of

5      America -- "

6          MR. FERRARI:  Your Honor --

7          MR. SAGE-EL:  "-- and all the individual composing

8      the Comanche and the Washitaw Nation and the associated bands

9      or tribes of native indigenous people.  And between the

10     nations or tribes and the Cherokee, Muscogee, Choctaw, Osage,

11     Seneca, and Quapaw Nation of the tribe of the indigenous

12     Native Americans.

13          Three, the 1791 Constitution of the United States of

14     America is the supreme law of the land, empowered with the

15     sovereign authority of the people by the framers, and the

16     consent of the legislator -- legislation of the state.  It is

17     a source of all government powers, and also provide important

18     limitation on the governments that protect the fundamental

19     rights of the United States Citizens, truth is expressed in

20     the form of affidavit."

21          Leviticus 5, verses 4-5; Leviticus 6, verses 3 to 5;

22     Leviticus 19, versus 11 to 13.  And on rebuttal affidavit

23     stand as it should in commerce 12-PET-125 Hebrew 6 to 13

24     through 15.  Claims made in the affidavit is not rebutted,

25     emerge as the truth of the matter.  Legal maxim.  He who does

1   not deny, admits.

2           Silence can only be equated with fraud.  Where there

3   is a legal or moral duty to speak or where an inquiry left

4   unanswered would be intentionally misleading the *United States*

5   *v. Tweal*, (phonetic) may the will of the almighty creator, our

6   heavenly father, the Great Divine, the universe, the Absolute

7   Elohim, God be done on Earth as it is in Heaven, reserving all

8   natural god given birthright, waiving none ever.  This is a

9   contract, and failure to answer and rebut this affidavit is a

10  acquiescence.

11          And I gave three days and it hasn't been rebutted.

12  And it's been over a week, two weeks.  So this case is res

13  judicata.

14          THE COURT:  Okay.  Well, you've read it into the

15  court, into the record.  The Court denies your motion for

16  recusal.  If you want to raise it with the district court,

17  you're free to do that.

18          MR. SAGE-EL:  Did my -- is my motion sustained or

19  overruled?

20          THE COURT:  Your motion is denied.

21          MR. SAGE-EL:  My affidavit, of my affidavit that I

22  submit.  Not motion.  Did my affidavit sustain or overrule?

23  My affidavit I just read in the record.

24          THE COURT:  Yes.

25          MR. SAGE-EL:  Not, not -- is it sustained or

1    overruled?

2            THE COURT:  It's construed as a motion and it's

3    denied.

4            MR. SAGE-EL:  No, it's not a motion.  It states

5    clearly it's not a motion.  Is my affidavit sustained or

6    overruled?

7            THE COURT:  Your affidavit is only recognized to the

8    extent that it's construed as a motion, otherwise there's no

9    significance --

10           MR. SAGE-EL:  And it states clear, once it's being

11   construed it's -- you're basically committing a fraud.

12           So basically, can you please remove yourself?

13           THE COURT:  Okay.

14           MR. SAGE-EL:  You're recused from this case.  You've

15   never -- you didn't say sustained or overruled, so you've been

16   unbiased to this matter.  Please, recuse yourself.

17           THE COURT:  I'm trying to explain to you that a

18   affidavit filed in a matter has to be connected to some type

19   of motion.  You can't just file an affidavit in a case without

20   an underlying motion.

21           And so I'm construing your affidavit as a motion

22   because if I don't do that, there's nothing to rule on.

23           MR. SAGE-EL:  So you're falsifying the record.  I

24   object.  I object.  You're falsifying the record to make a

25   conviction or even to make a case.  And it states right here,

1       an unrebuttal affidavit stands as truth in commerce.

2              I gave 72 hours for rebuttal.  There wasn't a

3       rebuttal.  So there was --

4              THE COURT:  First of all, you don't get to just set

5       a deadline.

6              MR. SAGE-EL:  No.

7              THE COURT:  On your own.  You don't get to just say,

8       the Court has to respond to my motion by this date.  That's

9       not your province.

10             MR. SAGE-EL:  In maxim of law -- the maximum law

11      states that whenever we, the natural man, deals with a

12      corporation, we can always have jurisdiction over any

13      corporation.  The corporation can't have jurisdiction over a

14      natural man.

15             THE COURT:  Okay.

16             MR. SAGE-EL:  So when you're saying to me that your

17      personal feelings and belief have nothing to do with me, I'm

18      dealing with law.  So if you're not saying sustained or

19      overruled on my affidavit, I'm asking you, please recuse

20      yourself from this case.

21             THE COURT:  And I'm saying no.

22             MR. SAGE-EL:  So basically you're bringing this case

23      forward under a false pretense, because you haven't answered

24      my affidavit so this case can move forward.  And you haven't

25      produced your delegation of authority so this case can move

1    forward.  So please, recuse yourself, one more time.

2              THE COURT:  Okay.  No.

3              MR. SAGE-EL:  Okay.

4              THE COURT:  My authority has been delegated to me by

5    Congress, by the local rules.

6              MR. SAGE-EL:  Where is your delegation of authority

7    by congress?  Where is it?

8              THE COURT:  I just told you, the Federal Magistrate

9    Act.

10             MR. SAGE-EL:  I'm asking you for yours.  I'm not

11   worrying about the act.  You're supposed to present that to me

12   once I'm questioning it.

13             THE COURT:  No, I'm not.

14             MR. SAGE-EL:  Affidavit -- jurisdiction have to be

15   proven.  You cannot, you cannot force jurisdiction.  Where is

16   your delegation of authority to authorize to denationalize a

17   secure party in this courtroom?

18             MR. FERRARI:  Your Honor, if I may?  Perhaps the

19   parties can just continue to move through discovery and then

20   if plaintiff continues to object to the rules of discovery, we

21   can eventually make a motion for failure to prosecute.

22             MR. SAGE-EL:  I object.  *Trinsey v. Pagliaro* it

23   states that counsel in his brief cannot put no evidence in

24   this case for summary judgement.  So there is no way this

25   person can put any evidence in this case for your decision.

1     Everything he says out of his mouth is hearsay.

2              THE COURT:  Okay.  Okay.

3              MR. SAGE-EL:  I have the treaty right here.  I have

4     the treaty right here, Peace and Friendship, authenticated,

5     certified copy from the National Archive, and you're here as a

6     magistrate over -- over-sighting (sic), or taking

7     responsibility to oversee a treaty.  You don't have any

8     jurisdiction on that.

9              I need a Article 3 magistrate, or Article 3 judge to

10    oversee this matter because he's the only one that has

11    jurisdiction to see about treaties and constitution.

12             THE COURT:  Okay.

13             MR. FERRARI:  We rest prior ground, Your Honor.

14             THE COURT:  Okay.  Well, I'm not going to keep

15    arguing with you.  I've already told you what my jurisdiction

16    is, I've already told you what my authority is, and I've

17    already told you that --

18             MR. SAGE-EL:  You haven't proven it to me.  You

19    haven't bring any documentation.  I'm requesting --

20             THE COURT:  I really don't care.

21             MR. SAGE-EL:  I'm requesting for --

22             THE COURT:  I've proven it to me --

23             MR. SAGE-EL:  -- your declaration --

24             THE COURT:  -- and that's all that matters.

25             MR. SAGE-EL:  You have to bring your declaration of

1    authority to bring to show jurisdiction in this matter.

2         If you don't have that declaration of authority to

3    prove jurisdiction there is none, so you cannot give yourself

4    jurisdiction on that bench.  I'm demanding, and I also sent an

5    affidavit demanding that and it hasn't been rebutted.  So this

6    case shouldn't -- you shouldn't even be here.

7         THE COURT:  You're right, I shouldn't, and neither

8    should you.

9         MR. SAGE-MR. MR. EL:  And you're right about that.

10        THE COURT:  Well, make a motion to the district

11   court.

12        MR. SAGE-EL:  I don't do motions.  I already did my

13   affidavit requesting for your --

14        THE COURT:  Well, I don't care.  If you don't make a

15   motion the Court is not going to rule on it.

16        MR. SAGE-EL:  That's -- you don't care.  That's why

17   I'm asking you to recuse yourself because you don't have

18   jurisdiction to see over this matter.

19        THE COURT:  And I'm telling you that whether or not

20   you're a lawyer you still have to follow the rules of law and

21   the rules of procedure.  And if you don't make a motion, the

22   judge can't rule on anything.

23        MR. SAGE-EL:  You haven't proven your delegation of

24   authority.

25        THE COURT:  I don't have to prove my delegation.

1          MR. SAGE-EL:  Yes, you do.  You have to.  Once --

2          THE COURT:  Whatever.

3          MR. SAGE-EL:  -- jurisdiction has been challenged it

4     has to be proven.  You cannot -- you cannot prove jurisdiction

5     by word of mouth.  You have to have your delegation of

6     authority in this case to move forward, and I'm demanding

7     that.

8          MR. FERRARI:  Your Honor, if I may?  Plaintiff's

9     conduct or reluctance to continue to discovery I think has

10    been the direct impediment to this case.  Defendants would

11    just ask for leave to file a motion for failure to prosecute.

12         THE COURT:  Have you -- well, have there been any

13    discovery efforts made in this case?

14         MR. FERRARI:  Yes, Your Honor.  We submitted initial

15    disclosures at the last conference and we have our

16    supplemental disclosures with us today, along with, just want

17    to state for the record our discovery demands,

18    interrogatories, documents, and notices of deposition for

19    plaintiff's deposition.

20         THE COURT:  Okay.  Well, turn them over.

21         MR. FERRARI:  Directly to the Court or to plaintiff,

22    Your Honor?

23         THE COURT:  You can give them to my law clerk and

24    he'll give them to the defendant.  To the plaintiff.

25         MR. FERRARI:  Your Honor, if I may?  With regard to

1    that in light of the fact --

2              MR. SAGE-EL:  What does that consist of?

3              THE COURT:  This is discovery that the defendants

4    are required to make and --

5              MR. SAGE-EL:  Where is the defendants?

6              THE COURT:  That's right, we're back to this.  Okay.

7    You were required, the last time we were here, to submit a

8    motion if you wanted evidence of representation --

9              MR. SAGE-EL:  I object to what you're stating right

10   now.  I submit an affidavit demanding for commonlaw

11   jurisdiction for a civil matter.  For a civil matter there has

12   be an injured party.  There is none in this matter, except for

13   the plaintiff that's bringing forward this case.

14             So as I said, I'm asking, I'm demanding your

15   delegation of authority to prove jurisdiction over this

16   matter.  If not, please recuse yourself.  On the record, for

17   the record, and let the record reflect.

18             Not until you answer my question, where do you get

19   your delegation of authority to denationalize a secure party

20   in this courtroom?  Where is your delegation of authority?

21             THE COURT:  We'll take a five minute break.  I'm

22   going to go get you something.

23        (Recess from 11:10 a.m. to 11:18 a.m.)

24             THE CLERK:  15-CV-4895, 15-CV-5606 and 15-CV-7417.

25             THE COURT:  Okay.  My law clerk is handing -- is

1    going to hand you a copy of 28 United States Code Section 636,

2    which provides the authority for magistrate judges that you

3    were looking for.

4              MR. SAGE-EL:  And I'm going to hand -- I'm going to

5    hand the clerk a certified copy of the Treaty of Peace and

6    Friendship for you to take a look at.

7              THE COURT:  Okay.

8              MR. SAGE-EL:  And let me see if your U.S. Codes

9    supercede this treaty.  This one.  Hold on, I have another one

10   for you.  And bring it back to me.  All right.  Right here.

11   Excuse me.  Another one.  Can you please hand this back to

12   him?  Thank you.

13             THE COURT:  Okay.  Well, look.  I have provided you

14   what I believe is the statutory authority that gives me the

15   power to preside over the pretrial discovery in this case.  If

16   you disagree, you are certainly welcome to object to the

17   district court judge.

18             MR. SAGE-EL:  I object to your request because I

19   have just submitted -- I've just handed you a certified copy

20   with the red ribbons from the National Archives showing that

21   this is a real true copy of the Peace and Friendship Treaty,

22   and it's clear that you don't have no jurisdiction to oversee

23   this matter.  You haven't presented to me your delegation of

24   authority to do so, so I'm making that request and demand

25   again, please, recuse yourself.

22

1          And I'm requesting for this case to be adjourned to

2     another date so I can talk to an Article 3 judge about this

3     matter.

4          THE COURT:  Okay.  Well, if you would like to have a

5     conference with an Article 3 judge, you have only to ask Judge

6     Vitaliano.

7          MR. SAGE-EL:  I already -- I already submitted his

8     delegation -- asking for his delegation of authority over this

9     matter and it hasn't been presented.  So what you're saying to

10    me has already been done.

11         So this case is res judicata.  I have it right here.

12    I have the post office, right here.  I can -- you can show it

13    to him, that it was received.  The delivering date.

14    Everything was there.  That has already been sent and it

15    hasn't been presented to me today, so this case is res

16    judicata, already been decided.

17         THE COURT:  Okay.  Well, that's not the way res

18    judicata works.

19         You've made your discovery demands to the plaintiff?

20         MR. FERRARI:  Yes, Your Honor.

21         THE COURT:  Okay.  I'm setting a deadline for a

22    completion of all paper discovery to be October 31st.

23         MR. SAGE-EL:  I object to your requests.  I'm

24    demanding for an Article 3 judge to preside on this matter for

25    a lack of presenting your delegation of authority to preside

1    over this matter, and you haven't proven to me that you have

2    jurisdiction.  And once jurisdiction has been challenged, it

3    has to be proven.  So you haven't proven your jurisdiction, so

4    this case cannot move forward.

5              THE COURT:  Okay.  Well, let's just agree to

6    disagree.

7              MR. CARTER:  Your Honor, if there's no objection,

8    given the fact that we are serving -- we served today, the

9    discovery demands, if we could have a tighter schedule for --

10             MR. SAGE-EL:  I object, there was no serving.

11             MR. CARTER:  Excuse me, sir.  For a tighter schedule

12   for all paper discovery to be completed because I believe that

13   we've provided all of, or at least most of the documentation

14   that we have in relation to the underlying incidents here.

15             And I don't believe the plaintiff has any

16   outstanding medical records, or anything that he would

17   necessarily be providing in the service of discovery on

18   defendants.

19             So if we could, Your Honor, I think it would be --

20   behoove the case at least, to have a shorter window for the

21   paper discovery deadlines such that however the case were to

22   proceed, it were to proceed in a more judicious fashion

23   because otherwise, you know, there is --

24             THE COURT:  I don't think October is that --

25             MR. CARTER:  Well --

24

1            THE COURT:  -- far away.

2            MR. CARTER:  -- it's the end of October, Your Honor.

3     Just a request, Your Honor, from the defendants, if we could

4     have the beginning of October rather than the end?

5            This is just for paper discovery, Your Honor.  Just

6     to be clear.

7            THE COURT:  This is just for paper discovery.

8            MR. CARTER:  Yeah, right, so --

9            THE COURT:  But, you know, I don't know if there's

10    going to be requests that he makes that you're going to have

11    to respond to, and I don't want to set a deadline and then

12    have to extend it because things are being done at the last

13    minute.

14            MR. CARTER:  Understood, Your Honor.  But I just --

15    making the request in the spirit of the fact that plaintiff's

16    position is that he refuses to engage in discovery with us as

17    counsel for the defendants.

18            So I think just depending on the likelihood that

19    there's a very slim to almost nonexistent likelihood that we

20    would receive any demands from the plaintiff.

21            But if we were to, you know, we certainly would

22    respond within 30 days so that would leave a -- if it were an

23    early October paper deadline, that would leave another two to

24    three weeks for plaintiff to serve any such demands.

25            THE COURT:  All right.  I'll do two months.  October

1    19th.

2              MR. CARTER:  Thank you.

3              MR. SAGE-EL:  I object.

4              THE COURT:  Thank you, Your Honor.

5              MR. SAGE-EL:  I object to everything that the so-

6    called corporate counsel and assistant counsel stated on

7    record and on what jurisdiction this case is moving forward

8    and because you haven't proven jurisdiction on this matter, so

9    I'm asking you a question.  This case is a federal question,

10   diversity of citizenship, and I'm asking you for your

11   delegation of authority because you haven't presented

12   delegation of authority.

13             Where do you get your delegation of authority to

14   denationalize a secure party to this courtroom?  You haven't

15   presented that so this case is moving forward under what

16   jurisdiction?

17             THE COURT:  It's moving forward under the

18   jurisdiction that I've provided to you.  If you disagree,

19   you're welcome to bring it up with the district court.

20             MR. SAGE-EL:  This matter has already been brought

21   up in the district court.  This is the district court, and

22   I've filed my affidavit requesting for your declaration of --

23   your declaration of authority for denationalizing a secured

24   party, and you haven't presented that.

25             So you're basically shooting yourself, like, in the

1  foot.  You're telling me something and it's already been done

2  and it hasn't been proven.  So you cannot make that

3  determination from just by sitting on the bench, not solely by

4  yourself.

5       So I'm demanding, where do you get your delegation

6  of authority to denationalize a secure party to this

7  courtroom?

8       MR. FERRARI:  Your Honor, if I may?  Just one

9  outstanding issue I wanted to bring to the Court's attention

10  was that if I'm not mistaken, the last order upon adjourning

11  at the last conference, plaintiff was supposed to provide his

12  initial disclosures to us today.  I just wanted to bring to

13  the Court's attention he has not yet done so.  I don't know if

14  he intends to.

15       THE COURT:  Do you have any intention of providing

16  the required disclosures to defendants in this case?

17       MR. SAGE-EL:  I object.  I'm requesting where do you

18  get your delegation of authority to denationalize a secure

19  party to this courtroom?  Not until we answer that we can move

20  forward in any questioning from you.

21       MR. FERRARI:  Your Honor, in light of that response,

22  I think defendants would just ask to now have leave to file a

23  motion for failure to prosecute.

24       THE COURT:  I'm directing defendant -- I'm sorry.

25  I'm directing plaintiff to provide defendant with the

27

1  disclosures required under Rule 26(a).

2          MR. SAGE-EL:  I object.

3          THE COURT:  I understand that.

4          MR. SAGE-EL:  And you don't have -- you're not in

5  the -- you have no authority --

6          THE COURT:  Okay.  Well --

7          MR. SAGE-EL:  -- to direct anything to plaintiff.

8  No jurisdiction.  You haven't proven jurisdiction.  So

9  anything you have done is void and null.

10          THE COURT:  Okay.  Well, you can make that

11  argument if you want.  Plaintiff is directed to produce

12  required 26(a) disclosures.

13          MR. SAGE-EL:  On the record, for the record, let

14  it be known that this is a violation to the Treaty of Peace

15  and Friendship between the United States and Morocco, the

16  Prince of Morocco and the Murrs.

17          This is a violation to the constitution of 1776

18  and all organic constitution of the United States for this

19  case to move forward for Magistrate Tiscione -- is this --

20  yes, Magistrate Steven Tiscione, to make the determination

21  or force jurisdiction on a national.  This is a violation

22  and this case is void and null.  Anything that comes from

23  his mouth is void and null because he hasn't proven

24  jurisdiction.  And once jurisdiction has been challenged it

25  has to be proven.

28

1          THE COURT:  Okay.  Plaintiff is required -- is

2     directed to produce the required Rule 26(a) disclosures by

3     August 31st.

4          If the disclosures are not made defendants should

5     make a motion to the district court.

6          MR. SAGE-EL:  I object.

7          THE COURT:  For failure --

8          MR. FERRARI:  Certainly, Your Honor.

9          THE COURT:   -- dismissal in this case for failure

10    to prosecute.

11         MR. CARTER:  Yes, Your Honor.  Understood.

12         THE COURT:  And then you can have your hearing in

13    front of the district court on this matter.

14         MR. SAGE-EL:  What jurisdiction does this court

15    operate under if it's not a district court?

16         THE COURT:  This Court has authority --

17         MR. SAGE-EL:  What jurisdiction does this Court

18    operate under?  This proceeding.  What jurisdiction does

19    this happen under?  What jurisdiction, please?

20         THE COURT:  Okay.  For the 15th time, this Court

21    has jurisdiction pursuant to 28 USC Section 636 to supervise

22    pretrial discovery in all civil cases, including cases of

23    federal jurisdiction, federal question, treaties, or

24    anything else.

25         At the end of the day the case is still under the

29

1    management and supervision of a district court Article 3

2    judge, which in this case is Judge Vitaliano.

3            MR. SAGE-EL:  And you're not Judge Vitaliano.

4            THE COURT:  But that does not -- no, but that does

5    not divest of me of the authority to preside over discovery

6    and nondispositive pretrial matters, which is what this is.

7    And if you disagree, I told you, you are more than welcome

8    to make a motion or ask for a conference or anything else

9    before Judge Vitaliano.

10           MR. SAGE-EL:  I object --

11           THE COURT:  But --

12           MR. SAGE-EL:  Everything that you have mentioned -

13   -

14           THE COURT:  Okay.

15           MR. SAGE-EL:  -- just now --

16           THE COURT:  All right.

17           MR. SAGE-EL:  -- is void and null.

18           As I stated, I'm demanding for your delegation of

19   authority proving that you have jurisdiction to oversight

20   this matter.  And you, obviously you don't.  And you're

21   making decision without no merit based on your belief,

22   nothing pertaining to law because you haven't proven your

23   jurisdiction on this matter.

24           So if you're stating that the counsel can put

25   evidence in this case, which *Trinsey v. Pagliaro* states that

1  counsel in his brief, can put no evidence in no case for

2  summary judgement.  You're operating on a fake and a fraud,

3  committing treason against the United States Constitution by

4  aiding and abetting with, with these two counsels for a

5  fictitious entity that does not exist.

6          So on the record, for the record, let the record

7  reflect, I am demanding recusal of your magistrate from this

8  matter.

9          And if you preside in making any decision or any

10  determination on this matter from your belief, everything is

11  void and null pertaining to the natural living man, Sage-El.

12  Everything is void and null until this case adjourn to

13  another date where I can talk to Article 3 judge about the

14  treaties, constitution, and my rights.

15          MR. FERRARI:  Your Honor, if I may?

16          THE COURT:  What?

17          MR. FERRARI:  That's all for defense and we can

18  adjourn whenever Your Honor would like to.

19          THE COURT:  All right.  I'm going to set a status

20  conference date for all three cases, assuming they still

21  exist, for November 16th at 10 o'clock.

22          MR. SAGE-EL:  I object.  This case, this trial --

23  this case supposed to be -- this case right here is, I'm

24  demanding a speedy trial.  Not November 10th, or November

25  what date you're putting off to suit your personal schedule.

31

1

2          I'm demanding a speedy trial and the defendants

3     that's on this matter to be presented in this court.  Not an

4     attorney, because the attorney here is working hearsay

5     evidence, does not have first-hand knowledge.

6          And if you don't have first-hand knowledge about

7     this matter, not even an affidavit proving that you are

8     attorney on the record, which in fact I have an affidavit of

9     denial of motion of appearance by these counsels and was

10    never rebutted, so this whole proceeding with these counsel

11    has already been decided by my affidavit.  It hasn't been

12    answered.

13         I filed my affidavit on -- I filed my affidavit on

14    the 24th of February.  Hold on.  Let me find the correct

15    one, the date and time.  That did not approve of the notice

16    of appearance by these counsel and it was never rebutted.

17         So this case is already been decided months ago

18    and Mr. Tiscione, right here, here go the affidavit, this is

19    affidavit for objection to the notice of appearance and

20    answer to complaint by assistant corporate counsel, Zachary

21    W. Carter, and this was -- it's stated *Trinsey v. Pagliaro*,

22    statement of counsel in brief or in arguments are not facts

23    before the Court and are therefore insufficient for motion

24    to dismiss or for a summary judgement.

25         This notice is in response to assistant corporate

1    counsel Zachary W. Carter.  Notice of appearance and answer

2    to complaint.  And this was filed on February 24th, 2016.

3    Have never been rebutted.

4              THE COURT:  Okay.

5              MR. CARTER:  So Your Honor is stating conference

6    November 16th at --

7              THE COURT:  November 16th at 10 o'clock.

8              MR. CARTER:  Okay.  And then that would encompass

9    this action as well as the other action that --

10             THE COURT:  Yeah, all three.

11             MR. CARTER:  All three.  Okay.

12             THE COURT:  We'll hopefully by that point have the

13   officers served in the 7417 matter and we can move forward

14   on that one as well.

15             If you're going to make a motion for failure to

16   prosecute, make it to the district court judge in this case.

17             MR. FERRARI:  Understood, Your Honor.

18             THE COURT:  Okay.

19             MR. SAGE-EL:  I object.  It states right here,

20   *Trinsey v. Pagliaro* again, statement of counsel in brief or

21   in argument are not facts before the courts are, therefore,

22   insufficient for motion to dismiss or for summary judgement.

23

24             THE COURT:  All right.  We're adjourned.

25             MR. FERRARI:  Thank you, Your Honor.

33

1         MR. CARTER:  Thank you, Your Honor.

2         (Proceedings concluded at 11:37 a.m.)

3     I, CHRISTINE FIORE, court-approved transcriber and

4   certified electronic reporter and transcriber, certify that

5   the foregoing is a correct transcript from the official

6   electronic sound recording of the proceedings in the above-

7   entitled matter.

8

9

10   _____          August 30, 2016

11     Christine Fiore, CERT

12

13

14

15

16

17

18

19

20

21

22

23

24

25